### SECURITY BANK OF NEW YORK v. FINKELSTEIN.

(Supreme Court, Appellate Term. May 24, 1912.)

1. LIMITATION OF ACTIONS (§ 25*)—DEMAND NOTE.

   If the running of limitations has not been interrupted by payments, an action on a note payable on demand must be brought within six years after its date.

   [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 113, 118–131; Dec. Dig. § 25.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LIMITATION OF ACTIONS (§ 155\*)—PAYMENTS—BY WHOM MADE.

Part payment, whether made before or after the running of limitations, does not revive the debt or interrupt the running of the statute, unless made by the debtor or by some one authorized by him to make a new promise.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 623–630; Dec. Dig. § 155.\*]

3. LIMITATION OF ACTIONS (§ 157\*)—PAYMENTS—SUFFICIENCY—COLLATERAL SECURITY.

An application of collateral security in part payment of a debt by the creditor, under an agreement made at the time the debt was contracted, does not interrupt the running of limitations, unless there is a new ratification under circumstances raising an implication of a new promise.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 631–634, 636; Dec. Dig. § 157.\*]

4. EVIDENCE (§ 116\*)—RELEVANCY TO CONTRADICT SIMILAR TESTIMONY.

Where the defense to an action was limitations, and plaintiff introduced evidence of a ratification of the application of collateral security in part payment of the debt, under circumstances amounting to a new promise, the exclusion of defendant's testimony, giving his version of this transaction, was improper.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 134, 135; Dec. Dig. § 116.\*]

Appeal from City Court of New York, Trial Term.

Action by the Security Bank of New York against Herman Finkelstein. From a judgment on a directed verdict for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Max Schenkman, of New York City (Charles Goldzier, of counsel), for appellant.

George P. Breckenbridge, of New York City, for respondent.

PAGE, J. The defendant had an account in the Cooper Exchange Bank prior to its failure. After the failure of that bank the defendant, on January 3, 1906, borrowed from the Fourteenth Street Bank the sum of $2,005.35, and gave his promissory note for the said sum, payable on demand. . The note contained a collateral security agreement, which recited an assignment of the defendant's account in the Cooper Exchange Bank, and among other things provided:

"That any moneys or property at any time in the possession of said bank, on deposit or otherwise, belonging to or at the credit of any of the parties liable thereon to said bank, may at any time, at the option of said bank, be appropriated and applied as a payment on account of the indebtedness evidenced hereby. \* \* \*"

The assignment, delivered as collateral security to the note, assigned the defendant's claim against the Cooper Exchange Bank, or the receiver thereof, amounting to $3,006.35, to the Fourteenth Street Bank, giving to the said bank full power and authority to collect the same or any part thereof, and further providing that, if the sum collected should exceed the amount advanced, with interest thereon, the surplus was to be paid over to the defendant; but if the amount paid

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the said bank, or its receiver, should not be sufficient to pay the amount of the advance and interest thereon, the defendant agreed to pay the deficiency. The receiver of the Cooper Exchange Bank paid to the Fourteenth Street Bank the following sums: On January 8, 1906, $502.67; on June 13, 1906, $751.34; and on March 28, 1907, $375.67—which were applied to, and indorsed upon, the said note as payments by the bank. The name of the Fourteenth Street Bank was changed to the Security Bank of New York. This action was commenced on February 19, 1912, to recover $375.67, with interest, to be computed on said note.

[1-3] The answer set up two defenses, viz., the statute of limitations, and that the assignment of the claim was in full payment of the note. The latter defense had no merit whatever, and seems to have been abandoned. Therefore the question of liability depends upon whether the payments made by the receiver to the plaintiff and applied by it on the note were sufficient to interrupt the running of the statute of limitations. The note being made payable on demand, the action must be commenced within six years of its date, and the payment, whether made before or after the debt is barred by the statute, does not revive the contract, nor interrupt the running of the statute, unless made by the debtor himself, or by some one having authority to make a new promise for the residue, and where the authorization is contained in the pledge of collateral to apply the proceeds of the collateral in payment, an application of the payment by the creditor under the original agreement is insufficient, unless there is a new ratification thereof under such circumstances as to raise an implication of a new promise. Brooklyn Bank v. Barnaby, 197 N. Y. 210, 90 N. E. 834, 27 L. R. A. (N. S.) 845.

[4] In the case at bar the plaintiff attempted to prove such subsequent ratification by the testimony of Mr. Clark, the plaintiff's cashier, with the defendant. When, however, the defendant was on the stand, the court sustained objection to his giving his version of these conversations. This was such error as to call for a reversal of the judgment. We cannot accept Clark's testimony as uncontradicted proof of this very material fact in the case, when the defendant was not permitted to contradict it.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.